**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────────

**UNITED STATES OF AMERICA**

    - against -

**VICTOR GRULLON,**

             Defendant.
───────────────────────────────────

99-cr-1142-008 (JGK)

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The pro se defendant, Victor Grullon, has moved for a reduction in sentence pursuant to Section 404 of the First Step Act of 2018 ("First Step Act"). Pub. L. No. 115-391, 132 Stat 5194 (2018).

**I.**

On or about June 29, 2000, a grand jury returned a Superseding Indictment charging the defendant on four counts. Count One charged the defendant with a conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846. The first object of the conspiracy was to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); the second object of the conspiracy was to distribute 5 kilograms and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). Count Two charged the defendant with distributing 62 grams of crack cocaine on September 30, 1999 in violation of 21 U.S.C. § 841(b)(1)(A). Count Three charged the defendant with distributing cocaine, 21 U.S.C. § 841(b)(1)(C). Count Four

1

charged the defendant with illegally reentering the United States in violation of 8 U.S.C. § 1326(b)(2). Dkt. No. 62.

The jury found the defendant guilty on all four counts and returned a special verdict finding that more than 5 kilograms of cocaine and 50 grams of crack cocaine were involved in Count One, and that more than 50 grams of crack cocaine were involved in Count Two. Dkt. No. 198-1.

## II.

The Government consents that the defendant is eligible for resentencing on Count Two under the First Step Act. However, the Government argues that the defendant is not eligible for resentencing on Count I because Count I is not a "covered offense," because the statutory penalty for the defendant's violation would not change under the Fair Sentencing Act. Section 404(b) of the First Step Act allows a court that imposed a sentence for a "covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."[1] Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were

---

[1] Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012). Section 3 "eliminated the 5-year mandatory minimum for simple possession of crack." Id. Neither section amended the powder cocaine drug quantity threshold required to trigger the mandatory minimum provisions of Section 841(b)(1)(A) and Section 841(b)(1)(B).

modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010."

The Government contends that because Count I was a dual object conspiracy for which the jury found a conspiracy to distribute both 50 grams and more of crack cocaine <u>and</u> 5 kilograms and more of powder cocaine beyond a reasonable doubt, the defendant's statutory penalties for his violation of Count I would not change. Regardless of the crack cocaine quantity involved, the jury found that the defendant had conspired to distribute enough powder cocaine to meet the Section 841(b)(1)(A) threshold and thus his statutory penalty would remain the same. Additionally, the Government argues that because the sentencing court had found that the defendant was part of a conspiracy that was responsible for trafficking at least 1.5 kilograms of crack cocaine daily, the violation would have triggered the statutory minimum even if the First Step Act had been in effect at the time of the defendant's sentencing.

The Government's reading of Section 404(a) would limit the scope of "covered offenses" to cases where the statutory penalties associated with the quantity of drugs involved in the defendant's underlying violation were modified by the Fair Sentencing Act. Several courts in this district have specifically rejected the Government's interpretation. Many have held that the statute of conviction, rather than a defendant's

3

underlying conduct, determines a defendant's eligibility under the First Step Act. See United States v. Rose, 379 F. Supp. 3d 223, 228-31 (S.D.N.Y. 2019); United States v. Williams, No. 03-CR-1334, 2019 WL 2865226, at *2 (S.D.N.Y. July 3, 2019); United States v. Morrison, No. 07-CR-003, 2019 WL 6732877, at *2 (S.D.N.Y. Dec. 11, 2019) (collecting cases). Others have found defendants eligible for sentence reductions when the statutory penalties associated with the drug quantity charged in the indictment were modified by the First Step Act. See also United States v. Williams, No. 00-CR-1008, 2019 WL 5791747, at *4 (S.D.N.Y. Oct. 17, 2019) (citing United States v. Martinez, 04-CR-48, 2019 WL 2433660 (S.D.N.Y. June 11, 2019)).

    The assistance of counsel for the defendant would be useful in this case both to present the legal issues and to represent the defendant in connection with resentencing.

## CONCLUSION

Given the issues involved, the Court requests that the Federal Defenders of New York represent the defendant in his motion for a reduction in sentence pursuant to the First Step Act. If the Federal Defenders of New York have a conflict, the Court requests that counsel be appointed pursuant to the Criminal Justice Act.

Counsel should advise the Court when they can file a supplemental memo in support of the defendant's motion. The Clerk is directed to close **Docket No. 190**.

**SO ORDERED.**

**Dated:    New York, New York
           February 12, 2020**                  ____/s/ John G. Koeltl____
                                              **John G. Koeltl
                                              United States District Judge**