**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
───────────────────────────────────

**UNITED STATES OF AMERICA**

- against -

**VICTOR GRULLON,**

            **Defendant.**
───────────────────────────────────

**99-cr-1142-008 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL**, District Judge:

The pro se defendant, Victor Grullon, has moved for a reduction in sentence pursuant to Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat 5194 (2018).

**I.**

The Court assumes the parties' familiarity with the underlying facts, which were discussed in the Memorandum Opinion and Order dated February 12, 2020. Dkt. No. 200. As relevant to the motion, the jury found the defendant guilty on Counts One and Two of the superseding indictment dated June 29, 2000. Dkt. No. 62. Count One charged the defendant with a dual-object conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; the first object was to distribute 50 grams and more of crack cocaine (also known as cocaine base) and the second object was to distribute 5 kilograms and more of powder cocaine, both in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). Count Two charged the defendant with distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A). The defendant was found guilty at trial

1

of both counts and the jury made the necessary findings of the quantities of drugs involved to trigger the mandatory minimum penalties in 21 U.S.C. § 841(b)(1)(A). The Government had also filed a prior felony information which increased the mandatory minimum penalties for Counts One and Two to twenty years on each count. The defendant was sentenced principally to 360 months on both counts to run concurrently, the bottom of the Guideline Sentencing Range found by the trial judge. Counting good time credit, the defendant has spent nearly twenty-five years in prison and is scheduled to be released on August 11, 2025.

The defendant now moves to reduce his sentence on Counts One and Two.

## II.

In 2010, Congress enacted the Fair Sentencing Act, which "altered the threshold drug quantities that trigger the penalty ranges for crack cocaine offenses located in 21 U.S.C. § 841(b)(1). As relevant to [the defendant], the Fair Sentencing Act increased the threshold quantity for conviction under § 841(b)(1)(A) from 50 to 280 grams of crack cocaine." United States v. Holloway, No. 19-1035-CR, 2020 WL 1966840, at *2 (2d Cir. Apr. 24, 2020); Dorsey v. United States, 567 U.S. 260, 269 (2012). The First Step Act did not apply retroactively to defendants who had been sentenced before the Act became effective, and did not amend the powder cocaine drug quantity

thresholds required to trigger the mandatory minimum provisions of Section 841(b)(1)(A) and Section 841(b)(1)(B).

In 2018, Congress enacted the First Step Act. Section 404(b) of the First Step Act allows a court that imposed a sentence for a "covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Although a defendant may be eligible for relief under the First Step Act, he is not necessarily entitled to relief. Holloway, 2020 WL 1966840, at *5. Section 404(c) makes clear that the First Step Act does not "require a court to reduce any sentence," but enumerates only two limitations on when a court may entertain a motion made under the First Step Act, neither of which apply in this case.[1]

---

[1] The limitations stated in Section 404(c) are that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."

**A.**

The parties agree that the defendant is eligible for resentencing on Count Two under the First Step Act. It is also undisputed that both the violations in Count One and Count Two were committed before August 3, 2010. The parties dispute whether Count One is a covered offense for which the defendant is eligible for resentencing.

In determining what constitutes a "covered offense" under Section 404(a), this Court joins the majority of courts in this district in concluding that eligibility for relief depends on the statute of conviction, rather than the defendant's underlying conduct.[2] See United States v. Rose, 379 F. Supp. 3d 223, 228-29 (S.D.N.Y. 2019) (Section 404(a)'s "penalties clause" modifies "Federal criminal statute" and not "violation"); United States v. Williams, No. 03-CR-1334, 2019 WL 2865226, at *2 (S.D.N.Y. July 3, 2019) (same); United States v. Bowman, No. 92 CR. 392, 2020 WL 470284, at *2 (S.D.N.Y. Jan. 29, 2020) (collecting cases). Because 21 U.S.C. § 846 subjects defendants to "the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy," the statutory penalties for Count One's conspiracy charge are dictated by Sections 841(a)(1) and 841(b)(1)(A). Because the Fair Sentencing Act changed the threshold quantity for

---

[2] The Second Circuit Court of Appeals has yet to address "the relevance of a defendant's underlying offense conduct to the eligibility determination." Holloway, 2020 WL 1966840, at *3 n.4.

conviction from 50 to 280 grams of crack cocaine under 841(b)(1)(A)(iii), the statutory penalties for Count One were modified. Accordingly, a conspiracy to distribute crack cocaine is a covered offense.

The Government argues that because the jury convicted the defendant of a dual-object conspiracy, and found that the defendant was guilty of conspiring to distribute both 50 grams and more of crack cocaine <u>and</u> 5 kilograms and more of powder cocaine, the conspiracy charge is not a covered offense. The Government contends that the quantity of powder cocaine would also have triggered the mandatory minimum provision of Section 841(b)(1)(A), and thus the defendant's penalties would not have been modified. Additionally, the Government argues that had the Fair Sentencing Act's changes to the drug quantity threshold been in place during his sentencing, the defendant would still have met the mandatory minimum provisions of Section 841(b)(1)(A), because the sentencing court found that the defendant was responsible for about 1.5 kilograms of crack cocaine that the conspiracy distributed on a daily basis, more than enough to trigger the mandatory minimum under the Fair Sentencing Act.

Both of these arguments rely on interpreting "covered offense" to apply only to an offense for which penalties based on the defendant's actual conduct, and not statutory penalties

in the Controlled Substances Act, were changed. As discussed above, there is no basis to interpret the statute in such a limiting fashion. As the Fourth Circuit Court of Appeals recently noted, nothing in the text of the statute requires "that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act." United States v. Gravatt, 953 F.3d 258, 264 (4th Cir. 2020) (holding that multi-object conspiracy to distribute both crack and powder cocaine was a covered offense eligible for resentencing). In addition, Congress set forth only two limits on the statute's applicability in Section 404(c), neither of which include "a covered offense . . . combined with an offense that is not covered." Id.; see also United States v. White, No. 04 CR 464-30, 2020 WL 1888981, at *1-*2 (N.D. Ill. Apr. 16, 2020) (conviction of multi-object conspiracy does not change the fact that eligibility is determined by statute of conviction); United States v. Jones, No. 3:99-CR-264-6, 2019 WL 4933578, at *9 (D. Conn. Oct. 7, 2019) ("So long as a defendant was convicted of 'a violation'—i.e., at least one violation—for which the penalties were modified by Section 2 or 3 of the Fair Sentencing Act, he or she is eligible for relief."). Several other district courts have also found drug conspiracies involving both cocaine base and other drugs that trigger Section 841(b)(1)(A)'s mandatory

6

provisions to be covered offenses under the First Step Act. See United States v. Luna, No. 3:05-CR-58, 2020 WL 464778, at *4 (D. Conn. Jan. 29, 2020) (crack and powder cocaine) (collecting cases); Jones, 2019 WL 4933578, at *9-*10 (cocaine base and heroin); United States v. Medina, No. 3:05-CR-58, 2019 WL 3769598, at *3 (D. Conn. July 17, 2019) (crack and powder cocaine), reconsideration denied, No. 3:05-CR-58, 2019 WL 3766392 (D. Conn. Aug. 9, 2019).[3]

Accordingly, Count One is a "covered offense" under Section 404(a).

## B.

Having determined that both Counts One and Two are covered offenses under the First Step Act, the Court finds that resentencing on those Counts is appropriate. The parties have not asked for a sentencing hearing and indeed the defendant has requested that the Court proceed to sentencing expeditiously. Both the defendant and the Government agree that the Court should consider the relevant factors in 18 U.S.C. § 3553(a).

---

[3] The Government cites cases where courts have found that dual-object conspiracies involving both crack and powder cocaine are not considered covered offenses. See e.g., United States v. Barber, No. 5:08CR39-RH, 2020 WL 373982, at *2 (N.D. Fla. Jan. 22, 2020); United States v. Bynum, No. CR 3:09-826-17-CMC, 2019 WL 2266437, at *3 (D.S.C. May 28, 2019). However, these courts relied on reasoning that the Court finds unpersuasive. See Barber, 2020 WL 373982, at *2 (relying on the amount of drugs at issue to calculate whether the defendant's penalty, rather than the statutory penalty, would be modified); Bynum, 2019 WL 2266437, at *3 (requiring statutory penalties for all, rather than any, violations of the statute to be modified by the First Step Act).

There is no question that the offenses in this case are very serious -- the defendant distributed a substantial amount of drugs over a substantial period of time. On the other hand, the defendant was not convicted of an offense in which he used violence, and there is no evidence that the defendant personally ever used violence.  Moreover, the original sentence is also extremely serious. The trial judge sentenced the defendant to thirty years' imprisonment, which was the bottom of the Sentencing Guidelines Range at a time when the Sentencing Guidelines were mandatory.  The defendant has already served almost twenty-five years in prison, counting good time credit, and the defendant is scheduled to be released on August 11, 2025.

With respect to the history and characteristics of the defendant, the defendant is now 58 years old with a history of psychological problems. The sentencing court declined to increase the defendant's Guidelines Sentencing Range with a leadership enhancement because he lacked the mental capacity for that role. Prior to the sentence in this case, the defendant had not been convicted of an offense for which he was sentenced to more than one year in prison and for which he spent even a year in prison. That fact demonstrates that the substantial sentence that the defendant has already served should serve as a substantial deterrent to further criminal conduct. Moreover,

when the defendant is released, he will be removed to the Dominican Republic, further diminishing the prospect that the defendant will be a danger to the public. The defendant has family in the Dominican Republic and good employment prospects there.

The defendant's record in prison suggests that he is a good prospect for rehabilitation. He obtained his GED, has taken numerous courses and has worked at various jobs in prison. While he has had minor infractions in prison, there have been none since 2015, and even the Government concedes that his prior prison infractions "do not appear to rise to the level that would counsel against the Court's exercise of discretion." Dkt. No. 198 at 6.

At the defendant's sentencing, the trial judge noted that a co-defendant who had approximately the same role as the defendant in the narcotics business was sentenced principally to twenty years' imprisonment. Dkt. No. 142 at 19-20. While the disparity between that sentence and the sentence imposed on the defendant can be justified on the basis of plea bargaining, it illustrates that the defendant has already spent more than sufficient time in prison to satisfy the purposes of sentencing.

On balance, therefore, the Court will reduce the defendant's sentence to Time Served on Counts One and Two. The defendant has already served the maximum sentence permitted for

the remaining two Counts: twenty years on Count Three and ten years on Count Five.[4] Therefore, the Court will reduce the defendant's sentence to Time Served on all counts to run concurrently. The Court will reduce the defendant's term of supervised release to three years on all counts to run concurrently, subject to the same conditions as the original term of supervised release. That sentence is sufficient but no greater than necessary to comply with the purposes set forth in Section 3553(a)(2).

---

[4] Count Three charged that the defendant distributed powder cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). Dkt. No. 62. The maximum sentence of imprisonment for Count Three was twenty years. Count Five charged the defendant with illegally re-entering the United States after having been removed following his conviction for an aggravated felony in violation of 8 U.S.C. § 1326(b)(2). Id. The maximum sentence of imprisonment for Count Five was ten years.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendant's motion to reduce his sentence is **granted.** As explained above, the defendant's sentence is reduced to Time Served on all Counts to run concurrently, to be followed by a term of three years supervised release on all counts to run concurrently subject to the same conditions as his original sentence of supervised release.

**SO ORDERED.**

**Dated:    New York, New York**
        **May 28, 2020**

/s/ John G. Koeltl
_____
**John G. Koeltl**
**United States District Judge**